### 8002

### HECKHEIMER v. ALLEN.

PARTNERSHIP DEBT.—After the dissolution of a partnership, one of the partners cannot, without special authority, bind his partner by giving a partnership note for a partnership debt, if the party taking the note had notice of the dissolution.

*Burris* v. *Whitner,* 3 S. C., 510, *criticised.*

Before GARY, J., Florence, April term, 1910. Reversed.

Action by E. Heckheimer against James M. Allen. Defendant appeals.

*Messrs. J. W. Ragsdale* and *R. E. Whiting,* for appellant, cite: *Notice necessary:* 30 Cyc. 670. *Dissolution of partnership deprives one member of power to bind others:* 30 Cyc. 504, 659, 668; 1 N. & McC. 556; 3 Brev. 183; 2 DeS. Eq. 43; 1 McM. 209; 1 McC. 16, 388; 1 Pet. 351; 36 Am. Dec. 309; 37 Am. Dec. 616. *Plaintiff could only look to the partner who signed the notes he held:* 28 S. C. 115; 16 S. C. 214; 70 S. C. 148; 4 Rich. 69; 56 N. Y. 402.

*Messrs. Willcox & Willcox* and *Henry E .Davis,* contra, cite: *One member of a firm may, after dissolution, make a note for a firm debt:* 3 S. C. 510.

August 26, 1911.   The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.   The complaint alleges that the firm of James Allen & Son, composed of James Allen and his son, James M. Allen, the defendant herein, became indebted to the plaintiff, and, on December 7, 1896, gave him their two promissory notes, one for $350.00, due July 1, 1897, and the other for $546.51, due January 1, 1898, both bearing interest from November 10, 1896, and containing a promise to pay all expenses of collection, including attorney's fees, if not paid at maturity, and prays judgment for the amount due thereon.

The defendant denies liability, alleging that the notes were given after the dissolution of the firm of James Allen & Son, of which plaintiff had notice.   There was testimony tending to show that the firm was dissolved in May, 1895, and that plaintiff had notice of the dissolution; that prior to the dissolution, plaintiff held the firm's note for $1,500.00, which had been reduced by payments to the aggregate amount of the two notes sued on, which were given in renewal of that note, and that the new notes were first signed by James Allen alone, but plaintiff insisted that they should be signed in the firm's name, as the old note was, and that, in compliance with his request, James Allen signed them in the firm name, but told him, when he did so, that the firm had been dissolved and that he had no authority to sign the firm name.   The defendant also testified that the original debt was a private debt of his father's and that the old note was given before he was of age.

Upon the evidence, the Court directed a verdict for plaintiff, holding that giving the new notes was not creating a liability of the firm, but merely giving evidence or an acknowledgment of its existence, which one of the former partners could do.

It has frequently been decided in this Court that, after dissolution of a partnership, one of the partners cannot,

without special authority, bind his former partners by giving a new note, even for a partnership debt, if the party taking it had notice of the dissolution.   *Martin* v. *Walton,* 1 McC. 16 ; *Bank* v. *Humphreys,* 1 McC. 388 ; *Veale* v. *Hassan,* 3 McC. 278 ; *Louis* v. *Pearson,* Harp. 470 ; *White* v. *Union Ins. Co.,* 1 N. & McC. 556, 9 Am. Dec. 726 ; *Chardon* v. *Oliphant,* 3 Brev. 183 ; *Foltz* v. *Pourie,* 2 Des. Eq. 43 ; *Bank* v. *Galliott,* 1 McM. 209.   The decision in *Burris* v. *Whitner,* 3 S. C. 510, relied on by respondent, was rested upon the grounds that plaintiff did not have notice of the dissolution of the partnership, when he took the new note. The remark of the writer of the opinion in that case that the consideration of that note was a partnership debt, and that was in itself sufficient to support the plaintiff's demand was *obiter dictum,* and is inconsistent with the rule laid down in the cases above cited, and with the authorities elsewhere.   30 Cyc. 658, 668.

Reversed.